IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOLCRAFT ENTERPRISES, INC., <br><br> Plaintiff, <br><br> v. <br><br> GRACO CHILDREN'S PRODUCTS INC., <br><br> Defendant. | Civil Action No. 15-cv-7950 <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Kolcraft Enterprises, Inc. ("Kolcraft"), by and through its counsel, complains of Defendant, Graco Children's Products Inc. ("Graco"), as follows:

## THE PARTIES

1. Kolcraft is a corporation organized under the laws of the State of Delaware with a principal place of business at 1100 West Monroe Street, Chicago, Illinois 60607. Kolcraft is in the business of, among other things, designing, developing, manufacturing and selling various baby products.

2. Graco is a Delaware corporation with a place of business at 3 Glenlake Parkway, Atlanta, Georgia 30328. Graco competes with Kolcraft in the baby products industry.

## JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. §§ 1331 and 1338(a).

4. The Court has personal jurisdiction over Graco because, among other things, Graco regularly conducts business in Illinois and in this judicial district. Graco is specifically

offering to sell, selling and/or advertising infringing play yard products at retail stores and through the Internet and other distribution channels in such a way as to reach customers in Illinois and this judicial district. Graco has committed acts of infringement in this judicial district.

5. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

**PATENTS-IN-SUIT**

6. On December 2, 2008, the USPTO duly and legally issued U.S. Patent No. 7,458,114 (the "'114 Patent") titled "Clips for Mounting Accessories to Play Yards and Methods of Operating the Same." Kolcraft owns and has standing to sue for infringement of the '114 Patent. A copy of the '114 Patent is attached as Exhibit A.

7. On August 4, 2009, the USPTO duly and legally issued U.S. Patent No. 7,568,242 (the "'242 Patent") titled "Play Yards and Methods of Operating the Same." Kolcraft also owns and has standing to sue for infringement of the '242 Patent. A copy of the '242 Patent is attached as Exhibit B.

8. On May 12, 2015, the USPTO duly and legally issued U.S. Patent No. 9,027,180 (the "'180 Patent") titled "Play Yards and Methods of Operating the Same." Kolcraft also owns and has standing to sue for infringement of the '180 Patent. A copy of the '180 Patent is attached as Exhibit C.

9. On December 18, 2007, the USPTO duly and legally issued U.S. Design Patent No. D557,510 (the "'510 Patent") titled "Rounded Play Yard." Kolcraft also owns and has standing to sue for infringement of the '510 Patent. A copy of the '510 Patent is attached as Exhibit D.

10. On June 10, 2008, the USPTO duly and legally issued U.S. Design Patent No. D570,621 (the "'621 Patent") titled "Exposed Legs for a Play Yard." Kolcraft also owns and has standing to sue for infringement of the '621 Patent. A copy of the '621 Patent is attached as Exhibit E.

11. On December 1, 2009, the USPTO duly and legally issued U.S. Design Patent No. D604,970 (the "'970 Patent") titled "Exposed Legs for a Play Yard." Kolcraft also owns and has standing to sue for infringement of the '970 Patent. A copy of the '970 Patent is attached as Exhibit F.

12. On May 25, 2010, the USPTO duly and legally issued U.S. Design Patent No. D616,231 (the "'231 Patent") titled "Exposed Legs for a Play Yard." Kolcraft also owns and has standing to sue for infringement of the '231 Patent. A copy of the '231 Patent is attached as Exhibit G.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,458,114**

13. Kolcraft repeats and re-alleges the allegations in paragraphs 1-12 as though fully set forth herein.

14. Graco has infringed and continues to infringe the '114 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing child play yard products, including but not limited to the Pack 'n Play Playard with Cuddle Cove Removable Seat ("Cuddle Cove") and Pack 'n Play Playard with Cuddle Cove Elite Rocking Seat ("Cuddle Cove Elite") products and other Graco play yard products with different names and/or model numbers but with substantially the same designs, features and functionalities as the Cuddle Cove and Cuddle Cove Elite products (collectively the "Graco Accused Products")

throughout the United States, including within this judicial district and by aiding, assisting and encouraging the infringement of the '114 Patent by others.

15. Graco has infringed and continues to infringe at least claims 21, 30 and 46 of the '114 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, importing, offering for sale and selling the Graco Accused Products in the United States. The Graco Accused Products contain each and every element of at least claims 21, 30 and 46 of the '114 Patent both literally and under the doctrine of equivalents in contravention of 35 U.S.C. § 271.

16. Graco has also indirectly infringed and continues to indirectly infringe at least claims 21, 30 and 46 of the '114 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. Graco has knowingly and actively induced infringement of at least claims 21, 30 and 46, for example, through the foregoing activities including, without limitation, importing, offering to sell and selling the Graco Accused Products in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the Graco Accused Products in a manner that infringes at least claims 21, 30 and 46 of the '114 Patent. The direct infringers that are being induced by Graco include, without limitation, its retail customers, resellers and end-users that offer for sale, sell or use the Graco Accused Products in the United States.

17. Graco has also indirectly infringed and continues to indirectly infringe at least claims 21, 30 and 46 of the '114 Patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering for sale and selling the Graco Accused Products and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the offer for sale, sale and use of the Graco Accused Products,

which constitute a material part of the patented inventions of claims 21, 30 and 46 of the '114 Patent, which Graco knows are especially made or adapted for use in an infringement of at least claims 21, 30 and 46 of the '114 Patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for Graco's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, Graco's retail customers, resellers and end-users that offer for sale, sell or use the Graco Accused Products.

18. Graco's infringement, contributory infringement and/or knowing and intentional inducement to infringe has injured Kolcraft and Kolcraft is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284.

19. Kolcraft has complied with 35 U.S.C. § 287 to the extent required by law.

20. Graco's infringement, contributory infringement and/or inducement to infringe the '114 Patent has been willful, deliberate and objectively reckless.

21. Graco's infringement of the '114 Patent has caused irreparable harm to Kolcraft, which has no adequate remedy at law, and will continue to injure Kolcraft unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the '114 Patent, and enjoining Graco from contributing to and/or inducing infringement of the '114 Patent.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,568,242

22. Kolcraft repeats and re-alleges the allegations in paragraphs 1-21 as though fully set forth herein.

23. Graco has infringed and continues to infringe the '242 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing child play yard products, including but not limited to the Cuddle Cove Elite product and other Graco play yard products with different names and/or model numbers but with substantially the same design, features and functionalities as the Cuddle Cove Elite product (collectively the "Graco Accused Cuddle Cove Elite Products") throughout the United States, including within this judicial district and by aiding, assisting and encouraging the infringement of the '242 Patent by others.

24. Graco has infringed and continues to infringe at least claim 1 of the '242 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, importing, offering for sale and selling the Graco Accused Cuddle Cove Elite Products in the United States. The Graco Accused Cuddle Cove Elite Products contain each and every element of at least claim 1 of the '242 Patent both literally and under the doctrine of equivalents in contravention of 35 U.S.C. § 271.

25. Graco has also indirectly infringed and continues to indirectly infringe at least claim 1 of the '242 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of that claim. Graco has knowingly and actively induced infringement of at least claim 1, for example, through the foregoing activities including, without limitation, importing, offering to sell and selling the Graco Accused Cuddle Cove Elite Products in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the Graco Accused Cuddle Cove Elite Products in a manner that infringes at least claim 1 of the '242 Patent. The direct infringers that are being induced by Graco include, without limitation, its

6

retail customers, resellers and end-users that offer for sale, sell or use the Graco Accused Cuddle Cove Elite Products in the United States.

26. Graco has also indirectly infringed and continues to indirectly infringe at least claim 1 of the '242 Patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering for sale and selling the Graco Accused Cuddle Cove Elite Products and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the offer for sale, sale and use of the Graco Accused Cuddle Cove Elite Products, which constitute a material part of the patented invention of claim 1 of the '242 Patent, which Graco knows are especially made or adapted for use in an infringement of at least claim 1 of the '242 Patent and which are not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for Graco's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, Graco's retail customers, resellers and end-users that offer for sale, sell or use the Graco Accused Cuddle Cove Elite Products.

27. Graco's infringement, contributory infringement and/or knowing and intentional inducement to infringe has injured Kolcraft and Kolcraft is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284.

28. Kolcraft has complied with 35 U.S.C. § 287 to the extent required by law.

29. Graco's infringement, contributory infringement and/or inducement to infringe the '242 Patent has been willful, deliberate and objectively reckless.

30. Graco's infringement of the '242 Patent has caused irreparable harm to Kolcraft, which has no adequate remedy at law, and will continue to injure Kolcraft unless and until this

Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the '242 Patent, and enjoining Graco from contributing to and/or inducing infringement of the '242 Patent.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 9,027,180

31. Kolcraft repeats and re-alleges the allegations in paragraphs 1-30 as though fully set forth herein.

32. Graco has infringed and continues to infringe the '180 Patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of the Graco Accused Cuddle Cove Elite Products throughout the United States, including within this judicial district and by aiding, assisting and encouraging the infringement of the '180 Patent by others.

33. Graco has infringed and continues to infringe at least claims 1, 7 and 11 of the '180 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, importing, offering for sale and selling the Graco Accused Cuddle Cove Elite Products in the United States. The Graco Accused Cuddle Cove Elite Products contain each and every element of at least claims 1, 7 and 11 of the '180 Patent both literally and under the doctrine of equivalents in contravention of 35 U.S.C. § 271.

34. Graco has also indirectly infringed and continues to indirectly infringe at least claims 1, 7 and 11 of the '180 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. Graco has knowingly and actively induced infringement of at least claims 1, 7 and 11, for example, through the foregoing activities including, without limitation, importing, offering to sell and selling the Graco Accused Cuddle Cove Elite Products in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale

and use of the Graco Accused Cuddle Cove Elite Products in a manner that infringes at least claims 1, 7 and 11 of the '180 Patent. The direct infringers that are being induced by Graco include, without limitation, its retail customers, resellers and end-users that offer for sale, sell or use the Graco Accused Cuddle Cove Elite Products in the United States.

35. Graco has also indirectly infringed and continues to indirectly infringe at least claims 1, 7 and 11 of the '180 Patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering for sale and selling the Graco Accused Cuddle Cove Elite Products and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the offer for sale, sale and use of the Graco Accused Cuddle Cove Elite Products, which constitute a material part of the patented inventions of claims 1, 7 and 11 of the '180 Patent, which Graco knows are especially made or adapted for use in an infringement of at least claims 1, 7 and 11 of the '180 Patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for Graco's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, Graco's retail customers, resellers and end-users that offer for sale, sell or use the Graco Accused Cuddle Cove Elite Products.

36. Graco's infringement, contributory infringement and/or knowing and intentional inducement to infringe has injured Kolcraft and Kolcraft is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284.

37. Kolcraft has complied with 35 U.S.C. § 287 to the extent required by law.

38. Graco's infringement, contributory infringement and/or inducement to infringe the '180 Patent has been willful, deliberate and objectively reckless.

39. Graco's infringement of the '180 Patent has caused irreparable harm to Kolcraft, which has no adequate remedy at law, and will continue to injure Kolcraft unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the '180 Patent, and enjoining Graco from contributing to and/or inducing infringement of the '180 Patent.

## COUNT IV – INFRINGEMENT OF U.S. DESIGN PATENT NO. D557,510

40. Kolcraft repeats and re-alleges the allegations in paragraphs 1-39 as though fully set forth herein.

41. The '510 Patent claims an "ornamental design for a rounded play yard."

42. The Graco Accused Cuddle Cove Elite Products are rounded play yard products that infringe the '510 Patent.

43. Figure 2 of the '510 Patent is shown on the left below, and the Graco Cuddle Cove Elite product is shown on the right below.




**Figure 2 of '510 Patent**          **Graco Cuddle Cove Elite**

10

44. The Graco Accused Cuddle Cove Elite Products have appropriated the ornamental design for a rounded play yard as shown and described in the '510 Patent. The '510 Patent design is non-functional.

45. In the eye of the ordinary observer, giving such attention as a purchaser usually gives, the ornamental design for a rounded play yard claimed in the '510 Patent and the Graco Accused Cuddle Cove Elite Products are substantially the same; the resemblance is such as to deceive an ordinary observer, inducing him/her to purchase one supposing it to be the other.

46. Graco has infringed and continues to infringe the ornamental design for a rounded play yard claimed in the '510 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, importing, offering for sale and selling the Graco Accused Cuddle Cove Elite Products in the United States.

47. Graco has also indirectly infringed and continues to indirectly infringe the ornamental design for a rounded play yard claimed in the '510 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement through the foregoing activities including, without limitation, importing, offering to sell and selling the Graco Accused Cuddle Cove Elite Products in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the Graco Accused Cuddle Cove Elite Products in a manner that infringes the '510 Patent. The direct infringers that are being induced by Graco include, without limitation, its retail customers, resellers and end-users that offer for sale, sell or use the Graco Accused Cuddle Cove Elite Products in the United States.

48. Graco's infringement and/or knowing and intentional inducement to infringe has injured Kolcraft and Kolcraft is entitled to recover damages adequate to compensate it for such

11

infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design patent infringement permitted under 35 U.S.C. § 289.

49. Kolcraft has complied with 35 U.S.C. § 287 to the extent required by law.

50. Graco's infringement and/or inducement to infringe the '510 Patent has been willful, deliberate and objectively reckless.

51. Graco's infringement of the '510 Patent has caused irreparable harm to Kolcraft, which has no adequate remedy at law, and will continue to injure Kolcraft unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '510 Patent, and enjoining Graco from inducing infringement of the design claimed in the '510 Patent.

## COUNT V – INFRINGEMENT OF U.S. DESIGN PATENT NO. D570,621

52. Kolcraft repeats and re-alleges the allegations in paragraphs 1-51 as though fully set forth herein.

53. The '621 Patent claims an "ornamental design for exposed legs for a play yard."

54. The Graco Accused Cuddle Cove Elite Products are play yard products with exposed legs that infringe the '621 Patent.

55. Figure 2 of the '621 Patent is shown on the left below, and the Graco Cuddle Cove Elite product is shown on the right below.

 

**Figure 2 of '621 Patent**     **Graco Cuddle Cove Elite**

56. The Graco Accused Cuddle Cove Elite Products have appropriated the ornamental design for exposed legs for a play yard as shown and described in the '621 Patent. The '621 Patent design is non-functional.

57. In the eye of the ordinary observer, giving such attention as a purchaser usually gives, the ornamental design for exposed legs for a play yard claimed in the '621 Patent and the Graco Accused Cuddle Cove Elite Products are substantially the same; the resemblance is such as to deceive an ordinary observer, inducing him/her to purchase one supposing it to be the other.

58. Graco has infringed and continues to infringe the ornamental design for exposed legs for a play yard claimed in the '621 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, importing, offering for sale and selling the Graco Accused Cuddle Cove Elite Products in the United States.

59. Graco has also indirectly infringed and continues to indirectly infringe the ornamental design for exposed legs for a play yard claimed in the '621 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement through the foregoing activities including, without limitation, importing, offering to sell and selling the Graco Accused Cuddle Cove Elite Products in the United States, and by instructing, aiding, assisting and encouraging

the offer for sale, sale and use of the Graco Accused Cuddle Cove Elite Products in a manner that infringes the '621 Patent. The direct infringers that are being induced by Graco include, without limitation, its retail customers, resellers and end-users that offer for sale, sell or use the Graco Accused Cuddle Cove Elite Products in the United States.

60. Graco's infringement and/or knowing and intentional inducement to infringe has injured Kolcraft and Kolcraft is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design patent infringement permitted under 35 U.S.C. § 289.

61. Kolcraft has complied with 35 U.S.C. § 287 to the extent required by law.

62. Graco's infringement and/or inducement to infringe the '621 Patent has been willful, deliberate and objectively reckless.

63. Graco's infringement of the '621 Patent has caused irreparable harm to Kolcraft, which has no adequate remedy at law, and will continue to injure Kolcraft unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '621 Patent, and enjoining Graco from inducing infringement of the design claimed in the '621 Patent.

## COUNT VI – INFRINGEMENT OF U.S. DESIGN PATENT NO. D604,970

64. Kolcraft repeats and re-alleges the allegations in paragraphs 1-63 as though fully set forth herein.

65. The '970 Patent claims an "ornamental design for exposed legs for a play yard."

66. The Graco Accused Cuddle Cove Elite Products are play yard products with exposed legs that infringe the '970 Patent.

67. Figure 4 of the '970 Patent is shown on the left below, and the Graco Cuddle Cove Elite product is shown on the right below.

 

**Figure 4 of '970 Patent**             **Graco Cuddle Cove Elite**

68. The Graco Accused Cuddle Cove Elite Products have appropriated the ornamental design for exposed legs for a play yard as shown and described in the '970 Patent. The '970 Patent design is non-functional.

69. In the eye of the ordinary observer, giving such attention as a purchaser usually gives, the ornamental design for exposed legs for a play yard claimed in the '970 Patent and the Graco Accused Cuddle Cove Elite Products are substantially the same; the resemblance is such as to deceive an ordinary observer, inducing him/her to purchase one supposing it to be the other.

70. Graco has infringed and continues to infringe the ornamental design for exposed legs for a play yard claimed in the '970 Patent within the meaning of 35 U.S.C. § 271(a) through activities including, without limitation, importing, offering for sale and selling the Graco Accused Cuddle Cove Elite Products in the United States.

71. Graco has also indirectly infringed and continues to indirectly infringe the ornamental design for exposed legs for a play yard claimed in the '970 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement through the foregoing activities

15

including, without limitation, importing, offering to sell and selling the Graco Accused Cuddle Cove Elite Products in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the Graco Accused Cuddle Cove Elite Products in a manner that infringes the '970 Patent. The direct infringers that are being induced by Graco include, without limitation, its retail customers, resellers and end-users that offer for sale, sell or use the Graco Accused Cuddle Cove Elite Products in the United States.

72. Graco's infringement and/or knowing and intentional inducement to infringe has injured Kolcraft and Kolcraft is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design patent infringement permitted under 35 U.S.C. § 289.

73. Kolcraft has complied with 35 U.S.C. § 287 to the extent required by law.

74. Graco's infringement and/or inducement to infringe the '970 Patent has been willful, deliberate and objectively reckless.

75. Graco's infringement of the '970 Patent has caused irreparable harm to Kolcraft, which has no adequate remedy at law, and will continue to injure Kolcraft unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the design claimed in the '970 Patent, and enjoining Graco from inducing infringement of the design claimed in the '970 Patent.

**COUNT VII – INFRINGEMENT OF U.S. DESIGN PATENT NO. D616,231**

76. Kolcraft repeats and re-alleges the allegations in paragraphs 1-75 as though fully set forth herein.

77. The '231 Patent claims an "ornamental design for the exposed legs for a play yard."

78. The Graco Accused Cuddle Cove Elite Products are play yard products with exposed legs that infringe the '231 Patent.

79. Figure 3 of the '231 Patent is shown on the left below, and the Graco Cuddle Cove Elite product is shown on the right below.

 

**Figure 3 of '231 Patent**　　　　　　　　　　**Graco Cuddle Cove Elite**

80. The Graco Accused Cuddle Cove Elite Products have appropriated the ornamental design for the exposed legs for a play yard as shown and described in the '231 Patent. The '231 Patent design is non-functional.

81. In the eye of the ordinary observer, giving such attention as a purchaser usually gives, the ornamental design for the exposed legs for a play yard claimed in the '231 Patent and the Graco Accused Cuddle Cove Elite Products are substantially the same; the resemblance is such as to deceive an ordinary observer, inducing him/her to purchase one supposing it to be the other.

82. Graco has infringed and continues to infringe the ornamental design for the exposed legs for a play yard claimed in the '231 Patent within the meaning of 35 U.S.C. § 271(a)

through activities including, without limitation, importing, offering for sale and selling the Graco Accused Cuddle Cove Elite Products in the United States.

83. Graco has also indirectly infringed and continues to indirectly infringe the ornamental design for the exposed legs for a play yard claimed in the '231 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement through the foregoing activities including, without limitation, importing, offering to sell and selling the Graco Accused Cuddle Cove Elite Products in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the Graco Accused Cuddle Cove Elite Products in a manner that infringes the '231 Patent. The direct infringers that are being induced by Graco include, without limitation, its retail customers, resellers and end-users that offer for sale, sell or use the Graco Accused Cuddle Cove Elite Products in the United States.

84. Graco's infringement and/or knowing and intentional inducement to infringe has injured Kolcraft and Kolcraft is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design patent infringement permitted under 35 U.S.C. § 289.

85. Kolcraft has complied with 35 U.S.C. § 287 to the extent required by law.

86. Graco's infringement and/or inducement to infringe the '231 Patent has been willful, deliberate and objectively reckless.

87. Graco's infringement of the '231 Patent has caused irreparable harm to Kolcraft, which has no adequate remedy at law, and will continue to injure Kolcraft unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of products within the scope of the

design claimed in the '231 Patent, and enjoining Graco from inducing infringement of the design claimed in the '231 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Kolcraft respectfully asks this Court to enter judgment against Graco, and against its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with Graco, granting the following relief:

A. The entry of judgment in favor of Kolcraft and against Graco;

B. An award of damages adequate to compensate Kolcraft for the infringement that has occurred, and in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest;

C. Additional remedies for design patent infringement as permitted under 35 U.S.C. § 289;

D. Increased damages as permitted under 35 U.S.C. § 284;

E. A finding that this case is exceptional and an award to Kolcraft of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

F. A permanent injunction prohibiting further infringement, inducement and/or contributory infringement of the Patents-in-Suit; and,

G. Such other relief that Kolcraft is entitled to under law, and any other and further relief that this Court or a jury may deem just and proper.

**Jury Demand**

Kolcraft demands a trial by jury on all issues presented in this Complaint.

Respectfully submitted,

Dated:  September 9, 2015

*/s/ Raymond P. Niro, Jr.*
Raymond P. Niro, Jr.
Kyle D. Wallenberg
NIRO McANDREWS, LLC
200 West Madison Street, Suite 2040
Chicago, IL 60606
(312) 755-8575
Fax:  (312) 674-7481
rnirojr@niro-mcandrews.com
kwallenberg@niro-mcandrews.com

Attorneys for Plaintiff
Kolcraft Enterprises, Inc.