IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOLCRAFT ENTERPRISES, INC.,<br><br>                Plaintiff,<br><br>    v.<br><br>GRACO CHILDREN'S PRODUCTS INC.,<br><br>                Defendant. | Case No. 1:15-cv-07950<br><br>Judge Robert M. Dow, Jr.<br>Magistrate Judge Sidney I. Schenkier |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO STAY PENDING *INTER PARTES* REVIEW**

**I.    INTRODUCTION**

Despite filing petitions for *inter partes* review ("IPR") of only *some* of the patents asserted by Plaintiff Kolcraft Enterprises, Inc. ("Kolcraft") in this case, Defendant Graco Children's Products Inc. ("Graco") requests that this Court stay the *entire* litigation, effectively causing Kolcraft's *unchallenged* patents to languish unresolved, indefinitely. Staying this case will merely delay issues that must ultimately be decided with respect to Kolcraft's patents not subject to IPR – the parties will need to produce the *same* documents and depose the *same* witnesses, regardless of the outcome of Graco's IPR petitions. In light of the factors this Court evaluates when considering a request to stay, and under the totality of the circumstances, there is no question that a stay of this entire case is unwarranted.

**II.    STATEMENT OF FACTS**

On September 9, 2015, Kolcraft filed its Complaint against Graco asserting infringement of U.S. Patent No. 7,458,114 ("the '114 Patent"), U.S. Patent No. 7,568,242 ("the '242 Patent"), U.S. Patent No. 9,027,180 ("the '180 Patent"), U.S. Design Patent No. D557,510 ("the '510 Patent"), U.S. Design Patent No. D570,621 ("the '621 Patent"), U.S. Design Patent No. D604,970

("the '970 Patent"), and U.S. Design Patent No. D616,231 ("the '231 Patent") (collectively, the "Patents-in-Suit"). (Dkt. #1.) To date, the parties have engaged in significant fact discovery, including reviewing and producing tens of thousands of pages of documents on a rolling basis and exchanging detailed infringement, non-infringement, invalidity and validity contentions pursuant to the Local Patent Rules, *infra* Section III(C).

At the end of March 2016, nearly seven months after Kolcraft filed suit, Graco filed petitions for IPR challenging the validity of the '621 Patent, the '970 Patent, and the '231 Patent (collectively, the "Graco Challenged Design Patents"). (*See* Graco's Mem. to Stay, Dkt. # 28 at 5-6.) On April 18, 2016, Graco filed an IPR petition of the '114 Patent.[1] (*Id.*) On December 16, 2015, Thorley Industries LLC d/b/a 4moms ("Thorley") filed a petition for IPR of the '180 Patent, the ***only*** patent at issue in the case captioned *Kolcraft Enterprises, Inc. v. Thorley Industries LLC d/b/a 4moms*, Case No. 1:15-cv-07954, pending before Judge James Zagel in this district (the "Thorley Litigation"). Graco has not elected to join Thorley's petition for IPR of the '180 Patent.[2] (Dkt. #28 at 8.)

Therefore, there are ***two asserted patents*** in this litigation that are not subject to any IPR petition – the '242 Patent, a utility patent, and the '510 Patent, a design patent. The Patent Trial and Appeal Board (the "PTAB") has not instituted review of any of the IPR petitions, but must do so (if at all) by October 2016 – *after* initial fact discovery is scheduled to close in June 2016. 35 U.S.C. § 314(b). (*See* Proposed Discovery Plan, Dkt. #18-1; Court's Minute Entry, Dkt. #19; *see also* Dkt. #28 at 1.) If the PTAB chooses to review the Challenged Patents, it must issue its final

---

[1] The '114 Patent and the Graco Challenged Design Patents are hereinafter collectively referred to as the "Graco Challenged Patents."

[2] The Graco Challenged Patents and the '180 Patent are collectively referred to as the "Challenged Patents."

written decision within one year, or within eighteen months for good cause shown. 35 U.S.C. § 316(a)(11). Thus, any stay could easily extend for two years pending the final IPR decisions. The IPR decisions may then be appealed to the Federal Circuit, delaying the case for several months or even years longer. 35 U.S.C. § 141(c). To wit, even if the PTAB decides to review all of the Challenged Patents, granting a stay as to the entire litigation would leave Kolcraft with its infringement claims for the '242 Patent and the '510 Patent languishing and unresolved for an indefinite amount of time.

### III. THE BALANCE OF FACTORS WEIGHS AGAINST A STAY IN THIS CASE

When considering whether to stay litigation pending resolution of an IPR, courts consider the following factors: (1) "whether a stay will simplify the issues in question and streamline the trial;" (2) "whether a stay will unduly prejudice or tactically disadvantage the non-moving party;" and (3) "the stage of litigation, including whether discovery is complete and a trial date has been set." *RR Donnelley & Sons Co. v. Xerox Corp.*, 12-CV-6198, 2013 WL 6645472, at *2 (N.D. Ill. Dec. 16, 2013) (Coleman, J.). Courts are not limited to these three factors; rather, the analysis is governed by the "totality of the circumstances." *Id*. "[T]here is no per se rule that patent cases should be stayed pending PTO proceedings, because such a rule 'would invite parties to unilaterally derail litigation.'" *Unifi Sci. Batteries, LLC v. Sony Mobile Commun. AB*, 6:12CV221 LED-JDL, 2014 WL 4494479, at *1 (E.D. Tex. Jan. 14, 2014).

As the moving party, Graco recognizes that it bears the burden of showing that a stay is appropriate in this case. (*See* Dkt. #28 at 10.) Graco failed to meet its burden. Accordingly, a stay is unwarranted in light of the totality of the circumstances in this case, particularly as to the unchallenged '242 and '510 Patents.

### A. A Stay Will Not Simplify The Issues In This Case Or Streamline The Trial

Graco's assertion that now is the appropriate time to stay this litigation – *before* the PTAB acts on the IPR petitions (*id*. at 15) – is disfavored by the majority of courts, especially where, as here, only *some* of the patents at issue are subject to an IPR.[3] *See, e.g.*, *Bonutti Research, Inc. v. Lantz Med., Inc.*, 1:14-CV-00609-SEB, 2015 WL 3386601, at *3, 5 (S.D. Ind. May 26, 2015) (denying motion to stay pending IPR of four out of five patents at issue *with prejudice*) ("Given the significant delay between the request for IPR and the PTO's ultimate decision on whether to initiate the IPR, it is hardly surprising that 'the majority of courts that have addressed the issue have postponed ruling on stay requests or have denied stay requests when the [PTO] has not yet acted on the petition for review.'"); *Dane Techs., Inc. v. Gatekeeper Sys., Inc.*, CIV. 12-2730 ADM/AJB, 2013 WL 4483355, at *2-3 (D. Minn. Aug. 20, 2013) (noting that defendant "waited approximately seven months into the litigation … before seeking inter partes review of two out of three of the disputed patents" and that plaintiff "should be able 'to prosecute its claims, to take discovery, and to set its litigation positions, at least until such a time as the PTO takes an interest in reviewing the challenged claims'").

Regardless of whether the PTAB grants the petitions for IPR of the Challenged Patents, and notwithstanding the PTAB's final ruling on any instituted IPR, a stay will unnecessarily delay Kolcraft's right to adjudicate its claims with respect to the unchallenged '242 and '510 Patents.[4]

---

[3] Graco's "assumption that the PTO will grant its petitions based solely on statistics [is] too speculative." *RR Donnelley*, 2013 WL 6645472 at *3 (denying motion to stay entire litigation pending IPR; finding plaintiff's argument that defendant's "request to stay litigation is premature" because "the PTO has not granted the review" of the challenged patents "*compelling*") (emphasis added) (*see* Dkt. #28 at 8-9.) Further, Graco's contention that "the PTAB has invalidated the sole claim in 100% of all final written decisions for design patents" is wholly misleading (*id*. at 9; *see also id.* at 12) – only *five design patent claims* have been invalidated since IPR has been available, hardly a statistically relevant sample size. (*See* PTAB Statistics as of March 31, 2016, Dkt. #28-14 at 15.)

[4] Graco asserts that the Court will benefit from the "PTAB's expertise" if "any of the challenged claims remain or are amended." (Dkt. #28 at 2.) The PTAB's guidance, however, is limited with respect

1.       **Only *Some* Of The Patents-in-Suit Are Subject To An IPR Petition**

Graco misleadingly alleges that "courts in this district routinely grant stays pending completion of an IPR," citing to a string of cases where the *sole* patent-in-suit was subject to a petition for review. (Dkt. #28 at 2, n.2.)[5] Graco relies heavily on *Black & Decker Inc. v. Positec USA, Inc.*, 13 C 3075, 2013 WL 5718460 (N.D. Ill. Oct. 1, 2013) in support of its motion – citing it nine times. (*See* Dkt. # 28 at 2-3, 9-11.) Yet, in *Black & Decker*, defendant requested review of the *only* patent-in-suit. 2013 WL 5718460 at *1. Graco's reliance on *Marvellous Day Elec. (S.Z.) Co., Ltd. v. Ace Hardware Corp.*, 900 F. Supp. 2d 835 (N.D. Ill. 2012) is misplaced for the same reason. (*See* Dkt. # 28 at 9-10.) The *Marvellous* court emphasized that "because the parties agree that the patent infringement claims will disappear if the '494 Patent [the *only* patent at issue] is cancelled [pending reexamination], the stay could eliminate the issues in question and terminate the burden of litigation on the parties and the court." 900 F. Supp. 2d at 848. Here, however, Kolcraft is asserting infringement of 15 claims of the '242 Patent and the design patent claim of the '510 Patent, *none* of which is subject to a petition for IPR. (*See* Kolcraft's LPR 3.1 Final Infringement Contentions, Dkt. # 28-12.)

Unlike the inapplicable cases relied upon by Graco, this Court has recognized that numerous "other courts have denied a stay where the accused infringer sought review of only some

---

to the Graco Challenged Design Patents because the test for design patent invalidity – the "ordinary observer" test – is "based on the 'reasonable purchaser' [where] technical prowess is irrelevant…." *Prestige Jewelry Intern., Inc. v. BK Jewellery HK*, 11 CIV. 2930 LBS, 2012 WL 1066798, at *2 (S.D.N.Y. Mar. 24, 2012) (denying motion to stay pending reexamination of asserted design patent).

[5] Graco cites Kolcraft's lawsuit against Artsana USA, Inc. for the proposition that "a court in this district determined that a stay was appropriate in light of a pending IPR in another case involving Kolcraft." (*Id.* at 2.) However, Graco fails to mention that Kolcraft *did not oppose* Artsana's motion to stay because Artsana filed an IPR petition as to the *sole* patent-in-suit. (*See* Court's Minute Entry, Dkt. #25, Ex. 1; Complaint, Dkt. #1, Ex. 2.) Likewise, Kolcraft *agreed* to stay the Thorley Litigation pending IPR of the '180 Patent (Court's Minute Entry, Dkt. #17, Ex. 3) because the '180 Patent is the only asserted patent (*see* Complaint, Dkt. #1, Ex. 4.)

of the patents-in-suit." *RR Donnelley*, 2013 WL 6645472 at *3 (collecting cases). In *Bonutti Research*, for example, the court held:

> Defendant's argument overlooks the fact that its ***petition includes only four of the five patents at issue in this suit***. [*See id.* at 2 (omitting '979 patent from IPR petitions).] Thus, regardless of whether the PTO grants Defendant's petition, and regardless of whether the PTO cancels any portions of the patents subject to the IPR, this case must still proceed in order to resolve Plaintiffs' claims with respect to the '979 patent. ***The parties will thus still need to prepare themselves for summary judgment and trial, such that staying this litigation would simply delay work that – regardless of Defendant's IPR petition – must still be done***.
>
> \*\*\*
>
> Conceivably, the Court could stay this litigation only with respect to the patents involved in Defendant's petition, but "allowing litigation to proceed solely with respect to [one] patent while the parties await a PTO decision on the other [four] patents-in-suit would invite substantial inefficiency." ***Granting the stay would therefore not free the Court or the parties from the burden of litigation, and this factor thus favors denial of Defendant's motion***.

2015 WL 3386601 at *5 (denying motion to stay "***with prejudice*** to the motion's resubmission after the PTO rules on Defendant's petition for *inter partes* review") (emphasis added) (citation omitted). Here, even assuming the PTAB were to grant every IPR petition and Graco is "entirely successful in the ensuing IPR[s], this case must still proceed to summary judgment and/or trial" with respect to the '242 and '510 Patents. *See id.*

In fact, the depositions, document exchanges, sales and financial data produced, and investigations in this matter will be nearly identical regardless of whether this case proceeds to trial on two patents or seven:

> ***[T]he single most important characteristic of this case affecting the propriety of a stay is that it involves six different patents***. These patents all relate in some way to the aseptic filling process but encompass different technical details. ***Four of these patents have not been subjected to re-examination. In the complaint, plaintiff alleges ongoing infringement of all six. The investigations, depositions, and document exchanges necessary for discovery in this case will be substantially similar regardless of whether the case proceeds to trial on six patents or four* […] *A complete revocation of the '188 and '013 Patents thus would appear to require no more than minor adjustments to plaintiff's theories of liability. As a result,***

> ***this case differs from cases in which a stay made sense because liability rested entirely on the validity of a single patent***.

*Steuben Foods, Inc. v. Shibuya Hoppmann Corp.*, 10-CV-781A, 2011 WL 3608064, at *7-8 (W.D.N.Y. Aug. 15, 2011) (denying motion to stay pending reexaminations – "the most prudent course of action is to allow the case to proceed based on all the discovery that has to occur ***regardless of how the ongoing re-examinations end***") (emphasis added).

Additionally, there is significant overlap in discovery related to the Challenged Patents and the '242 and '510 Patents because the ***same Graco product***, the Pack 'n Play Playard with Cuddle Cove Elite Rocking Seat (the "Cuddle Cove Elite"), is accused of infringing ***each*** Patent-in-Suit. (*See* Kolcraft's LPR 3.1 Final Infringement Contentions, Dkt. # 28-12.) Therefore, even if the PTAB cancels every asserted claim of the Challenged Patents (which is highly unlikely), Kolcraft will have to make at most "minor adjustments to [its] theories of liability," *Steuben Foods*, 2011 WL 3608064 at *7, or, more likely, no adjustments at all.[6]

### 2. The Estoppel Provision Does Not Apply To Graco With Respect To The '180 Patent

Graco asserts (incorrectly) that Thorley's petition for IPR of the '180 Patent "further weighs in favor of staying this case." (Dkt. #28 at 13, n.18.) However, Graco admits that it "has not elected to join Thorley's petition for IPR" of the '180 Patent (*id.* at 8), and Thorley is identified

---

[6] The '510 Design Patent is not part of the same patent family as the Graco Challenged Design Patents and claims a unique design for a rounded play yard. (*See* Dkt. #1-4 – Dkt. #1-7.) The claims directed to the Graco Challenged Design Patents are related *only* to exposed legs for a play yard. (*See* Dkt. #1-5 – Dkt. #1-7.) Thus, the outcome of the IPR decisions with respect to the Graco Challenged Design Patents is unhelpful to the determination of the validity of the '510 Design Patent because the '510 Design Patent includes design elements not present in the Graco Challenged Design Patents. (*See* Dkt. #1-4 – Dkt. #1-7.) Likewise, other than generally reciting a play yard, a frame and posts, claim 1 of the '242 Patent – the only asserted independent claim – is substantially different (i.e., does not share many common claim terms) from the asserted claims of the '114 and '180 Patents subject to IPR petitions. (*See* Dkt. #1-1 – Dkt. #1-3; Kolcraft's LPR 3.1 Final Infringement Contentions, Dkt. #28-12.) Therefore, the validity of the '242 Patent does not depend on the outcome of the IPR decisions as to the '114 and '180 Patents.

as the "Petitioner" and the *only* "real party in interest" in its petition. (Thorley IPR petition of '180 Patent, Case No. IPR2016-00352, Dkt. #28-10 at 1-2.) Thus, the estoppel provision does not apply to Graco with respect to the '180 Patent. *See* 35 U.S.C. § 315(e)(2). In other words, a stay will not simplify the issues in this case for the '180 Patent because Graco will be free to make the *same or similar arguments* to this Court that Thorley made in its IPR petition of the '180 Patent (or could make if the PTAB grants Thorley's request). *See Signal IP, Inc. v. Fiat U.S.A., Inc.*, 14-CV-13864, 2015 WL 5719670, at *4 (E.D. Mich. Sept. 30, 2015) (denying motion to stay where defendants would not be estopped from making the same arguments "being made by other automobile manufacturers in the inter partes review proceedings"):

> Because almost all of the USPTO proceedings were filed by automobile manufacturers other than [defendants], Plaintiff points out that the estoppel provision of 35 U.S.C. § 315(e)(2) will not apply to [defendants] in this case and, therefore, [defendants] will be free to make the same arguments in this case as were made before the USPTO. Plaintiff argues that staying this case would be unfair because it would give [defendants] the benefit of seeing if the other automobile manufacturers invalidate the asserted claims in the patents. ***If other manufacturers successfully invalidate the asserted claim in the patents, then the patents would be invalid against [defendants]. On the other hand, because there would not be estoppel against [defendants], if the other manufacturers were unsuccessful in invalidating the asserted patents at the USPTO, then [defendants] could still make the same arguments in this federal court case***.

*Id*. (emphasis added).

### 3. The Invalidity Analysis In An IPR Proceeding Is Limited

Graco incorrectly contends that staying this litigation pending the IPR process "will substantially simplify the issues in the case and streamline the trial." (Dkt. # 28 at 11.) In its Amended Answer, Graco raised *eight affirmative defenses* (Graco appears to have inadvertently omitted a fourth defense), including: failure to state a claim; non-infringement; invalidity pursuant to 35 U.S.C. §§ 102, 103, and 112; limitation on damages under 35 U.S.C. § 287; laches; and unenforceability of the '180 and '242 Patents due to inequitable conduct. (Am. Answer &

Countercl., Dkt. #24 at 22-24.) Graco also alleged *fifteen counterclaims*: non-infringement of each Patent-in-Suit (Counts I-VII); invalidity of each Patent-in-Suit under 35 U.S.C. §§ 102, 103, and/or 112 (Counts VIII-XIV); and unenforceability of the '180 and '242 Patents because of inequitable conduct (Count XV). (*Id.* at 25-35; *see also* Graco's LPR 3.1 Final Invalidity Contentions, Ex. 5 (alleging invalidity of each Patent-in-Suit under 35 U.S.C. §§ 102 and 103; invalidity of the Graco Challenged Patents, and the '242 and '510 Patents not subject to IPR petitions, under 35 U.S.C. § 112; and unenforceability of the '180 and '242 Patents due to inequitable conduct).)

Graco's IPR petitions are limited *only* to its allegations of invalidity with respect to Sections 102 and 103 – Graco is precluded from raising its unenforceability, laches and Section 112 arguments, along with its remaining affirmative defenses, in an IPR – amounting to several issues that will still need to be resolved regardless of the outcome of the IPR requests:

> [A]nticipation analysis in an IPR proceeding is limited: the petitioner in such a proceeding may *only* seek to cancel a claim "on a ground that could be raised under section 102 [novelty] or 103 [obviousness] and *only* on the basis of prior art consisting of patents or printed publications." 35 U.S.C. § 311. Thus, *even if the claim at issue survives the IPR proceeding, a defendant may still raise other invalidity grounds before a district court*. *See, e.g.,* 35 U.S.C. § 102 (defining prior art to include public use and prior sales, in addition to patents and printed publications); *id.* § 112 (setting out additional requirements for validity); *accord, e.g., Endotach,* 2014 WL 852831, at *5 ("[Defendant] is relying on 35 U.S.C. § 112 invalidity claims that cannot be addressed in an IPR[.]"). As a result, <u>*even if Defendant's petition in this case is granted, the parties may ultimately still be required to litigate anticipation or other validity issues before this Court. Staying this litigation could impede the sort of discovery necessary to fully litigate such issues, and the Court accordingly sees little reason to impose such a stay*</u>.

*Bonutti Research*, 2015 WL 3386601 at *4 (emphasis added); *see also Unifi*, 2014 WL 4494479 at *3 (denying motion to stay requested *after* PTAB granted review of patent-in-suit) ("[T]he Court is not persuaded by [defendant's] argument that it should wait for the PTO's final decision, particularly in light of the narrow scope of the IPR. If some of the asserted claims are amended

through the PTO's deliberations, 'the interests of justice would be better served by dealing with this contingency when and if it occurs.'").[7]

Furthermore, "even if the PTO grants review and construes certain claims at issue in this case, this Court must still conduct its own construction of those claims." *Bonutti Research*, 2015 WL 3386601 at *4 (recognizing that "[t]he PTO during IPR proceedings construes patent claims according to their 'broadest reasonable interpretation'"; granting an IPR, therefore, "may not yield significant benefits") (citing *Pragmatus AV, LLC v. Yahoo! Inc.,* No. C–13–1176 EMC, 2014 WL 1922081, at *4 (N.D. Cal. May 13, 2014) ("[T]his Court owes no deference to the [PTO's] claim construction done as part of an *inter partes* review.").)

### B. A Stay Will Unduly Prejudice Kolcraft

Kolcraft faces substantial undue prejudice and a tactical disadvantage if this case is stayed. This Court has recognized that a stay of the entire litigation would cause Kolcraft, the non-moving party, undue prejudice by stalling discovery where only some of the asserted patents were subject to IPR. *See RR Donnelley*, 2013 WL 6645472 at *3 ("***Granting a stay as to the entire litigation would cause the four unchallenged…patents to languish unresolved for an unspecified amount of time***, and up to two years if one or both of [defendant's IPR] petitions is granted…***Thus this factor weighs against a stay***.") (emphasis added).

Other courts have rejected Graco's assertion that Kolcraft can be adequately compensated by money damages for any harm suffered during the IPR proceedings, and that Kolcraft will not

---

[7] In fact, even Graco's invalidity arguments under Sections 102 and 103 are limited in its IPR petitions. Graco cites several prior art references – namely, the Fold 'N Go élan Deluxe Care Center, Fold 'N Go Lullaby Center, Graco Pack 'N Play Silhouette Portable Playyard, and Kolcraft's Admitted Prior Art – that allegedly anticipate or render obvious ***every asserted claim*** of ***each*** Patent-in-Suit. (*See* Graco's LPR 3.1 Final Invalidity Contentions, Ex. 5.) These references, however, are ***not*** available as prior art in an IPR proceeding and cannot be considered by the PTAB because they are not "patents or printed publications." 35 U.S.C. § 311(b).

suffer undue prejudice or disadvantage because it does not currently market or sell play yards embodying the Patents-in-Suit. (Dkt. #28 at 9-11.) *See, e.g.*, *Unifi*, 2014 WL 4494479 at *2 (the court "has an obligation 'to secure the just, speedy, and inexpensive determination of every action'"; plaintiff "has a recognized interest in the timely enforcement of its patent rights" – "if [defendant] is dissatisfied with the PTAB's decision regarding the IPR, it may then appeal the decision to the Federal Circuit, potentially delaying the case even longer") (quoting Fed. R. Civ. P. 1) (citing 35 U.S.C. § 141(c).)

Graco's reliance on *McDavid Knee Guard, Inc. v. Nike USA, Inc*., 683 F. Supp. 2d 740 (N.D. Ill. 2010) and *VirtualAgility Inc. v. Salesforce.com, Inc*., 759 F.3d 1307 (Fed. Cir. 2014) for the proposition that a stay will not unduly prejudice Kolcraft is misplaced. (Dkt. #28 at 10.) Both *McDavid*, **which did not even concern a motion to stay**, and *VirtualAgility*[8] were in the context of a preliminary injunction. Graco fails to recognize that Kolcraft "may still be entitled to a permanent injunction, even though it does not [currently] practice" the specific inventions claimed in the Patents-in-Suit. *BarTex Research, LLC v. FedEx Corp*., 611 F. Supp. 2d 647, 652 (E.D. Tex. 2009) (denying motion to stay pending reexamination):

> While [plaintiff] will be able to collect damages for infringement occurring during the stay, [plaintiff] may still suffer from irreparable harm during that time. Should [defendants] be found to infringe the asserted patent in this litigation, damages alone may not fully compensate [plaintiff] for a lengthy delay resulting from reexamination. ***The right to exclude, even for a non-practicing entity, may be the only way to fully vindicate the patentee's ownership in the patent***. *See Acumed LLC v. Stryker Corp.,* 551 F.3d 1323, 1327–1328 (Fed.Cir.2008) (explaining that with regard to the first factor in a court's analysis whether to issue a permanent injunction, "[i]n view of [the right to exclude others], infringement may cause a patentee irreparable harm not remediable by a reasonable royalty [or lost profits]")…***Therefore, the Court finds that [plaintiff] would suffer undue***

---

[8] Unlike here, the ***only*** patent at issue in *VirtualAgility* was subject to review, and "[d]iscovery had not yet begun" when defendants filed their motion to stay. 759 F.3d at 1314, 1317. The *VirtualAgility* court also acknowledged that "there could be a variety of reasons that a patentee does not move for a preliminary injunction." *Id*. at 1319.

- 11 -

> *prejudice resulting from a stay in this case and <u>this factor weighs against granting a stay</u>*.

*Id*. (emphasis added). Here, Kolcraft is a leading manufacturer of baby products with the full capacity to re-enter the play yard field.

### C. The Parties Have Engaged In Significant Discovery

This Court adopted the parties' proposed discovery plan and set deadlines pursuant to the Local Patent Rules. (*See* Dkt. #18-1; Court's Minute Entry, Dkt. #19.) Consistent with this scheduling order, significant discovery has occurred and is continuing in earnest – for example, the parties have already exchanged voluminous initial and final infringement, non-infringement, invalidity and validity contentions. (*See* Dkt. #18-1.) *RR Donnelley*, 2013 WL 6645472 at *4 ("The Court recognizes that the parties have engaged in *significant discovery efforts* in this complex litigation," where the parties had exchanged "infringement, non-infringement, invalidity and validity contentions.") (emphasis added). Notably, in *RR Donnelley* (a case cited by *Graco* in support of its motion) (Dkt. # 28 at 14), this Court **specifically rejected** Graco's argument that this litigation is at an "early stage" because "the parties have not scheduled or taken any depositions," "[d]iscovery is not complete and no trial date has been set." (*Id*. at 4, 14.) 2013 WL 6645472 at *4 (finding that the parties had participated in "*significant discovery efforts*" even though "fact discovery ha[d] not closed, no depositions ha[d] been taken and no trial date ha[d] been set") (emphasis added).

The parties have also exchanged document and interrogatory requests, and responses thereto. To date, Kolcraft has produced almost 15,000 pages of documents, and will substantially complete its document production by the end of May 2016. Graco has produced nearly 3,000 pages, which Kolcraft has invested considerable time reviewing to develop its infringement theories. Additionally, Graco has served two third-party subpoenas, one of which was on Hanley

- 12 -

Flight & Zimmerman LLC ("HFZ"), Kolcraft's patent prosecution firm. (*See* Notice of Subpoena, Ex. 6.) In February 2016, HFZ produced more than 20,000 pages of documents to Graco. Graco's assertion that "***very little*** has taken place with respect to discovery" is simply wrong. (Dkt. #28 at 4) (emphasis added).

Graco argues that if "this Court denies the stay, the parties will be forced to proceed with discovery that may prove to have been entirely unnecessary once the PTAB issues its decision." (*Id*. at 14.) This is incorrect. If this Court grants the stay and the PTAB invalidates ***all*** of the Challenged Patents (which is <u>highly</u> improbable), the ***same*** documents will need to be produced and the ***same*** witnesses will need to be deposed because the ***same Graco product***, the Cuddle Cove Elite, is accused of infringing ***each*** Patent-in-Suit, *supra* Section III(A)(1). In other words, "the commonality in discovery originates in the alleged infringing product[], and not the claims" of the Challenged Patents and the '242 and '510 Patents not subject to IPR. *RR Donnelley*, 2013 WL 6645472 at *4. Accordingly, "any small inefficiency resulting from denying the stay is outweighed by substantial efficiencies resulting from reviewing common documents and deposing common witnesses only once. Thus, ***<u>this factor weighs heavily against a stay</u>***." *Id*. (emphasis added).

Graco contends that Kolcraft would not be tactically disadvantaged by a stay because "[t]he parties have only begun to engage in discovery." (Dkt. #28 at 11.) Graco has cherry-picked phrases from *Card Activation Techs., Inc. v. 7-Eleven, Inc*., 1:10-CV-4984, 2011 WL 663960 (N.D. Ill. Feb. 10, 2011) that misrepresent and contradict with the court's remarks in that case. Graco quoted *Card Activation* for the following proposition: "Having done little more than file its complaint, serve its infringement contentions, and produce documents, there is 'no apparent prejudice or tactical disadvantage' that Kolcraft 'would be forced to endure' if the Court grants a

stay." (Dkt. #28 at 11.) In actuality, the court stated that "[a]s ***neither side has yet to begin the process of developing this case***, there is no apparent prejudice or tactical disadvantage that the Plaintiff would be forced to endure if a stay were granted." *Card Activation Techs.*, 2011 WL 663960 at *2 (emphasis added) (granting stay pending reexamination of *sole* patent at issue). "Neither side ha[d] begun discovery" in *Card Activiation*, *id.*, whereas here, the parties have engaged in extensive discovery with initial fact discovery scheduled to close in ***June 2016***. (*See* Dkt. #18-1.) For the same reasons, Graco's reliance on *Black & Decker* is improper – as Graco acknowledges, that "case ha[d] made very limited progress since it was filed…." 2013 WL 5718460 at *1. (*See* Dkt. #28 at 11.)

### IV. CONCLUSION

For the foregoing reasons, Kolcraft respectfully requests that this Court deny in its entirety Graco's motion to stay pending *inter partes* review. At a minimum, the motion should be denied as to the unchallenged patents.

    Respectfully submitted,

*/s/ Kyle D. Wallenberg*
Raymond P. Niro, Jr.
Kyle D. Wallenberg
Anisha A. Mehta
NIRO McANDREWS, LLC
200 West Madison Street, Suite 2040
Chicago, IL 60606
(312) 755-8575
Fax: (312) 674-7481
rnirojr@niro-mcandrews.com
kwallenberg@niro-mcandrews.com
amehta@niro-mcandrews.com

Attorneys for Plaintiff,
Kolcraft Enterprises, Inc.

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 10, 2016 the foregoing

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY PENDING *INTER PARTES* REVIEW**

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record.

| | |
|---|---|
| Jonathan M. Cyrluk | John W. Harbin |
| Steven C. Moeller | Jessica A. Keesee |
| Joshua Goldberg | Walter H. Levie III |
| Carpenter Lipps & Leland | Warren J. Thomas |
| LLP 180 N. LaSalle St., Suite | Meunier Carlin & Curfman LLC |
| 2640 Chicago, IL 60601 | 999 Peachtree Street NE, Suite |
| cyrluk@carpenterlipps.com | 1300 Atlanta, GA 30309 |
| moeller@carpenterlipps.com | jharbin@mcciplaw.com |
| goldberg@carpenterlipps.com | jkeesee@mcciplaw.com |
| | tlevie@mcciplaw.com |
| | wthomas@mcciplaw.com |

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

        */s/ Kyle D. Wallenberg*
        Attorney for Kolcraft Enterprises, Inc.
        NIRO McANDREWS, LLC