IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KOLCRAFT ENTERPRISES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15-cv-7950 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| GRACO CHILDREN'S PRODUCTS INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

In this patent infringement suit, Plaintiff Kolcraft Enterprises, Inc. ("Kolcraft") alleges that Defendant Graco Children's Products Inc. ("Graco") has infringed seven of its design and utility patents on children's play products. Currently before the Court is Graco's motion [27] to stay this suit pending *inter partes* review ("IPR") of five of Kolcraft's patents in the United States Patent and Trademark Office ("PTO") by the Patent Trial and Appeal Board ("PTAB"). Also before the Court are Graco's motion [44] for leave to file a supplemental reply brief in support of its motion to stay, Graco's motion [35] to amend/correct its invalidity contentions and to rely on more than twenty-five prior art references, and Graco's motion [38] for leave to present more than ten terms for claim construction.

For the reasons explained below, Graco's motion to stay [27] is granted. This case shall be stayed in its entirety at least until the PTO rules upon whether to institute review proceedings on Graco's IPR petitions challenging the validity of Kolcraft's '621 Patent, '970 Patent, '231 Patent, and '114 Patent. The Court orders the parties to file a joint status report within seven days of the PTO's decision on whether to institute review proceedings on these four patents.[1] At that time, the Court will consider whether the stay should be lifted or modified. All deadlines in this case are suspended and shall be re-set when the stay is lifted. Graco's motion for leave to file a supplemental reply brief [44] is denied as moot. Graco's remaining motions, [35] and [38], are denied without prejudice to refiling once the stay is lifted.

## STATEMENT

On September 9, 2015, Kolcraft filed a complaint [1] alleging that Graco has infringed three of its utility patents and four of its design patents. All of the patents cover components of children's play yards, which are structures with high sides that provide an enclosed area for babies or young children to play. The parties refer to the utility patents as the '114 Patent, the

---

[1] If the PTO issues decisions on these petitions on different dates, the status report shall be due within seven days of the PTO's last decision.

'242 Patent, and the '180 Patent and to the design patents as the '510 Patent, the '621 Patent, the '970 Patent, and the '231 Patent.

In March and April 2016, Graco filed four petitions for IPR with the PTO. IPR was implemented in 2012 to streamline the process for challenging the validity of patents. See *Ignite USA, LLC v. Pac. Mkt. Int'l, LLC*, 2014 WL 2505166, at *1 (N.D. Ill. May 29, 2014); *Black & Decker Inc. v. Positec USA, Inc.*, 2013 WL 5718460, at *1 (N.D. Ill. Oct. 1, 2013). When it receives a petition for review, the Director of the PTO has three months from the date the patent holder files a response to the petition to decide whether to institute the review proceeding. 35 U.S.C. § 314(b). The PTO will not grant review unless the petitioner has a "reasonable likelihood" of prevailing as to at least one of the claims challenged in the petition. *Id.* at § 314(a). If the PTO grants review, PTAB must issue a final written decision within one year or, upon a showing of good cause, eighteen months. 35 U.S.C. § 316(a)(11); 37 C.F.R. § 42.100(c).

Graco's petitions for IPR challenge the validity of the '621 Patent, the '970 Patent, the '231 Patent, and the '114 Patent. Kolcraft's '180 Patent is also the subject of a pending petition for IPR, which was filed by Thorley Industries ("Thorley"). (Graco elected not to join Thorley's petition for IPR, and Thorley is not a party to this suit.) According to the latest information provided by the parties, the PTO has not yet decided whether to institute review proceedings on the five petitions. See [33] at 2. According to Kolcraft, the PTO's deadline for deciding whether to institute review of Graco's four IPR petitions is October 2016; the parties do not specify the deadline for Thorley's petition.

The Court "has authority to stay, at its discretion, an action pending IPR review." *Ignite*, 2014 WL 2505166, at *2 (citing *Black & Decker*, 2013 WL 5718460, *3). The Court considers whether the stay will "(1) unduly prejudice or tactically disadvantage the nonmoving party; (2) simplify the issues in question and streamline the trial; and (3) reduce the burden of litigation on the parties and on the court." *Id.* The Court also considers the "totally of the circumstances" in determining whether a stay is warranted. *RR Donnelley & Sons Co. v. Xerox Corp.*, 2013 WL 6645472, at *2 (N.D. Ill. Dec. 16, 2013). Graco, as the movant, bears the burden of demonstrating that a stay is warranted. *Ignite*, 2014 WL 2505166, at *2.

As to the first factor, Kolcraft argues that it will suffer undue prejudice and tactical disadvantage if a stay is granted because the stay will halt discovery on all of its patents, including the two for which Graco has not sought IDR. Graco responds that Kolcraft can be adequately compensated for any prejudice because it will be entitled to money damages for any harm suffered during the time the case is stayed. Graco points out that Kolcraft does not currently market or sell play yards that embody the patents at issue in this case and has not sought a preliminary injunction. In reply, Kolcraft argues that it is "a leading manufacturer of baby products with the full capacity to re-enter the play yard field." [33] at 12.

The Court concludes that Graco would suffer minimal prejudice from a stay. While the stay will inevitably cause some delay, this itself "is not dispositive of whether a party will suffer undue prejudice." *Ignite*, 2014 WL 2505166, at *2. Ultimately, the PTO proceeding could speed up the resolution of the parties' dispute, by streamlining and eliminating issues for this Court to decide (as discussed below). If prejudicial delay does result, Kolcraft can be compensated through the award of money damages. Graco and Kolcraft are not currently market

competitors because Kolcraft does not currently sell any play yard products. While Kolcraft argues that it could re-enter the play-yard market, it does not claim to have any plans to do so. Therefore, there is no apparent risk that Kolcraft will be irreparably harmed through the loss of market share while the PTO proceedings are pending. Cf. *Black and Decker*, 2013 WL 5718460, at *2. To the extent that Kolcraft seeks to re-enter the play-yard market, or seeks a preliminary injunction, Kolcraft could request that the Court lift the stay based on changed circumstances.

Turning to the second factor, whether a stay would simplify the issues and streamline the trial, Graco argues that "[t]he IPR process provides final resolution on the obviousness and anticipation challenges to all claims for which the PTAB institutes review." [28] at 7. In response, Kolcraft argues primarily that a stay would not simplify the case because there are pending IPRs for only five of the seven patents at issue in this suit. In reply, Graco explains that Kolcraft's claims for infringement of the two patents for which IPR has not been sought—the '242 Patent and the '510 Patent—may also be simplified by IPR because of the "interrelated nature" of the patents at issue. [34] at 3. According to Graco, the '242 Patent is part of the same patent family as the '180 Patent, and the '510 Patent is a design patent that includes the same overall design as the '621 Patent.

The Court concludes that granting the stay would simplify the issues and streamline the trial. The relevant question is "whether review would simplify the issues in question, not whether it could eliminate every issue in the case." *Black & Decker*, 2013 WL 5718460, at * 2. If the PTO grants review and finds that Graco's patents are invalid in whole or in part, then Graco's claims as to the invalidated patents would be removed from the case—as would the Court's need to consider any defenses that Kolcraft has raised to claims that those patents were infringed. If the claims are "held to be valid, that too would simplify the remaining issues and might encourage settlement," because Graco "will be estopped from arguing to this court that the claim is invalid." *Black & Decker*, 2013 WL 5718460, at *2; see also 35 U.S.C. § 315(e)(2).

The fact that IPR is pending for only five of the seven patents at issue does not convince the Court that a stay is unwarranted, especially given the overlapping nature of the '242 Patent and the '510 Patent with the patents for which IPR has been sought. Although some courts have "denied a stay where the accused infringer sought review of only some of the patents-in-suit," *RR Donnelley & Sons Co. v. Xerox Corp.*, No. 12-CV-6198, 2013 WL 6645472, at *3 (N.D. Ill. Dec. 16, 2013) (citing three out-of-circuit cases), many others have determined, based on the particular facts of the case, that it is appropriate to stay the entire suit while IPR is pending. See, *e.g., ACQIS, LLC v. EMC Corp.*, 109 F. Supp. 3d 352, 357-58 (D. Mass. 2015) (concluding that a stay pending IPR would simplify issues in the case, even though only 2 of the 11 patents-in-suit were under review in the IPR, where all the patents-in-suit came from three patent families and involved similar issues); *Service Solutions U.S., L.L.C. v. Autel. US Inc.*, 2015 WL 401009, at *3 (E.D. Mich. Jan. 28, 2015) ("[T]he Court is not convinced that a stay is inappropriate merely because only one patent is under review. Though a stay would have greater potential to simplify the issues if all seven patents were involved in the IPR proceeding, this does not mean that a more limited review would not help simply the case."); *Finjan, Inc. v. FireEye, Inc.*, 2014 WL 2465267, at *4 (N.D. Cal. June 2, 2014) ("When there are overlapping issues between the reexamined patents and other non-reexamined patents-in-suit, courts have found that staying the entire case is warranted."); *Sonics, Inc. v. Arteris, Inc.*, 2013 WL 503091, at *3 (N.D. Cal. Feb. 8, 2013) (concluding that "the Court's interest in simplifying the proceedings by waiting for the

PTO to reexamine six of the seven patents-in-suit weighs in favor of granting a stay" where, given the stage of the litigation, the court was "not familiar with the technology at issue in th[e] case").

In this case, Graco explains that the '242 Patent and '180 Patent are both "directed to play yards with upper frames, lower frames, and posts" and have overlapping terms that the Court will be asked to construe, such as "channel." [34] at 6. Graco also provides illustrations of the '510 and '621 Patents, showing that they are essentially identical in overall shape and appearance. See [34] at 7. Given these similarities, the Court concludes that PTAB's analysis and review of prior art references for the '242 Patent and '621 Patent may inform this Court's consideration of the '180 Patent and '510 Patent and help simplify and streamline the case.

Third and finally, the Court must consider whether a stay would reduce the burden of litigation on the parties and the Court. Kolcraft argues that a stay is not warranted because initial fact discovery closed on June 27, 2016 and the parties have already exchanged and responded to document and interrogatory requests and produced thousands of pages of documents. Graco responds that, given the work ahead—including the majority of fact discovery, depositions, the briefing and decisions on claim construction, and trial, which has not been set—this case is still in the early stages of litigation.

The Court concludes that at the current stage of the case substantial efficiencies will be gained by staying the case while the PTO determines whether it will conduct IPR. Other courts in this district have granted stays where, as here, there has been substantial discovery, but the claims have not been construed and a trial date has not been set. See *JAB Distributors, LLC v. London Luxury, LLC*, 2010 WL 1882010, at *4 (N.D. Ill. May 11, 2010) (citing cases); see also *Sorensen ex rel. Sorensen Research & Dev. Trust v. Black & Decker Corp.*, 2007 WL 2696590, at *4 (S.D. Cal. Sept. 10, 2007) (granting stay for IPR even though "substantial amounts of discovery have already occurred", because "the more relevant inquiry is whether discovery is nearing completion"). Moreover, if a stay is not granted, there will be simultaneous proceedings in the PTO and this Court, which presents "substantial risks that the parties and court will expend resources unnecessarily" and "will have engaged in unnecessary discovery." *Ignite*, 2014 WL 2505166, at *4.

For these reasons, the Court grants Graco's motion to stay [27] and orders the parties to provide a status report to the Court when Graco's petitions for IPR have been accepted or rejected. At that time, the Court will assess whether it is necessary and appropriate to leave the stay in place. For instance, if the PTO accepts only one or two of the petitions, the Court will need to reevaluate the efficiencies that will be gained from allowing the PTO to reach its decision first, as well as the prejudice to Kolcraft.

## **CONCLUSION**

Graco's motion to stay [27] is granted. This case is stayed in its entirety until the PTO rules upon whether to institute review proceedings on Graco's IPR petitions challenging the validity of Kolcraft's '621 Patent, '970 Patent, '231 Patent, and '114 Patent. The Court orders the parties to file a joint status report within seven days of the PTO's decision on whether to

institute review proceedings on these four patents. If the PTO issues decisions on these petitions on different dates, the status report shall be due within seven days of the PTO's last decision. At that time, the Court will consider whether the stay should be lifted or modified. All deadlines in this case are suspended and shall be re-set when the stay is lifted. Graco's motion for leave to file a supplemental reply brief [44] is denied as moot because the Court finds additional briefing unnecessary to decide whether a stay is appropriate. Graco's remaining motions, [35] and [38], and denied without prejudice because the content of these motions may change as a result of IPR. Graco will be allowed to refile the motions (or revised versions thereof) when the stay is lifted.

Dated: August 22, 2016

Robert M. Dow, Jr.
United States District Judge